IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RAMONA L. LEVARIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-3013-SSA-CV-S-MJW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Ramona L. Levario seeks judicial review[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on February 15, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1979, and was 31 years of age on the date of her alleged disability onset of June 29, 2010.  Plaintiff alleges disability due to bipolar disorder, post-traumatic stress disorder, anxiety, depression, carpal tunnel syndrome, headaches, and back, knee and ankle pain.

After reviewing this case in its entirety and considering the arguments of the parties presented at oral argument, this Court finds there is substantial evidence in the record as a whole to support the decision of the administrative law judge (ALJ) that plaintiff is not disabled as defined by the Social Security Act.

Specifically, the Court notes the ALJ properly addressed the evidence he relied on in discrediting plaintiff's allegations of disabling impairments, including the lack of corroborating evidence, Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (subjective complaints may be discounted if the evidence as a whole is inconsistent with claimant's testimony); plaintiff's noncompliance with treatment recommendations, Guilliams v. Barnhart, 393 F.3d 798, 802 (8th

2

Cir. 2005) (failure to follow a recommended course of treatment detracts from credibility); and plaintiff's demonstrated abilities, including driving her father three hours to and from work each day, see Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001). There is thorough discussion by the ALJ of the medical and nonmedical evidence of record supporting the very limited residual functional capacity that plaintiff can do sedentary work with additional limitations to accommodate for her credible limitations. See Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (an ALJ is not required to rely entirely on a particular physician's opinion).[2]

IT IS, THEREFORE ORDERED that the decision of the Commissioner is affirmed.

Dated this 26th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.